UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL PITTMAN,

    Plaintiff,

v.                                                              06-CV-3269

ROGER E. WALKER et al.,

    Defendants.

## Case Management Order #1 (Merit Review)

    The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ." A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary. The Complaint and exhibits already clearly set out the claims.

    The merit review standard is the same as the motion to dismiss standard. The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inference in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

*Allegations*

    The plaintiff has been incarcerated in the IDOC since 1982, and was incarcerated in Graham Correctional Center from December 1996 to February 2005. In February 2005, the plaintiff learned that he was going to be transferred, and that his dreadlocks would either have to be "removed" or cut, for security reasons. Plaintiff is a Rastafarian, though the defendants have refused to amend his identification card to reflect this. Part of his religious beliefs preclude cutting his hair.

    The plaintiff's hair, he alleges, did not present a security risk. His dreadlocks had not been a problem in trips out of Graham over the prior eight years, and there was no rational basis for concluding the dreadlocks presented a security risk in February 2005. The grooming policy is not enforced against the white inmates or inmates of other religions. Further, inmates of other religions were allowed to have their religions listed on their identification cards.

    The plaintiff wrote Defendant Beck (Assistant Warden), asking, because of plaintiff's religious beliefs, to be excused from cutting his hair. Defendant Beck met with the plaintiff and

had a picture taken of the plaintiff's hair.  Beck told the plaintiff he would speak with the Warden, but that the plaintiff's hair might have to be cut for security reasons.

Defendant Bryant (the Warden) ultimately determined that the plaintiff's hair should be cut before his transfer.  The plaintiff received two disciplinary reports for refusing a direct order to cut his hair and was found guilty as charged.

The plaintiff's hair was forcibly cut prior to his transfer to Pontiac Correctional Center in February 2005.

*Analysis*

Under the First Amendment, the plaintiff is entitled to practice his religion "insofar as doing so does not unduly burden the administration of the prison."  *Hunafa v. Murphy*, 907 F2d 46, 47 (7th Cir. 1990).  A regulation impinging on that right "is valid if it is reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S.78, 89, 107 S.Ct. 2254, 2261 (1987); *Mustafa Al-Alamin v. Gramley*, 926 F.2d 680,686 (7th Cir. 1991 )("economic concerns are legitimate penological demands.").  Prison officials cannot arbitrarily enforce a haircut policy against one religion and not others, or enforce it against inmates because of their race.  *See Reed v. Faulkner*, 842 F.2d 960, 964 (7th Cir. 1988)(once plaintiff showed arbitrary enforcement of haircut regulation against Rastafarians, but not American Indians, burden shifted to defendants to show that pattern was not arbitrary).

The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. Section 2000cc-1(a)("RLUIPA"), also protects an inmate's right to practice his religion, and to a greater extent than the First Amendment. *Borzych v. Frank*, 2004 WL 67642 (W.D. Wis. 2004)(analyzing First Amendment and RLUIPA claims separately–RLUIPA "affords prisoners . . . federal statutory protections above and beyond those embodied in the First Amendment").  RLUIPA "prohibits prisons that receive federal funding from substantially burdening an inmate's religious exercise unless the step in question is the least restrictive way to advance a compelling state interest." *Borzych v. Frank*, 2006 WL 488451 (7th Cir. 2006)(citations omitted).  "The first amendment, by contrast, does not require the accommodation of religious practice: states may enforce neutral rules." *Id.*  RLUIPA however, does not permit courts to strike down regulation because of the potential for improper application–the analysis under RLUIPA is as applied. *Id.*

Applying these precedents and the notice pleading standard, it is clear that plaintiff states a claim that the grooming policy, as applied to him, violated his right to practice his religion under the First Amendment and RLUIPA and also violated his rights to equal protection under the Fourteenth Amendment.  He also seems to claim that other religions are listed on identification cards, but not Rastafarian.  Why that matters is not clear, nor is it clear that any of these defendants are responsible for the identification cards.  At this point, the court leaves the claim for further factual development.

It appears that many of the named defendants were just following orders.  If the Warden had the ultimate authority to determine whether the plaintiff's hair presented a security risk and/or to order the haircut, the other defendants do not violate the Constitution by following

those orders.  Similarly, Defendant Walker cannot be held liable for the constitutional violations of his employees simply because he is in charge.  However, those determinations are better made at summary judgment on a developed factual record.

    IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:

a) The defendants violated the plaintiff's right to practice his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act;

b) The defendants violated the plaintiff's right to equal protection under the Fourteenth Amendment.

2) This case proceeds solely on the federal claims identified in paragraph one above.  Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or otherwise pursuant to Federal Rule of Civil Procedure 15.

3) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

4) The defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 18th Day of December, 2006.

                                                                                **s\Harold A. Baker**

                                                                        HAROLD A. BAKER
                                                               UNITED STATES DISTRICT JUDGE